IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID MEYERS, | ) | Civil Action No. 7:18cv00485 |
|    Plaintiff, | ) | |
| | ) | ORDER ADOPTING REPORT |
| v. | ) | AND RECOMMENDATION |
| | ) | |
| WARDEN KISER, et al., | ) | By: Michael F. Urbanski |
|    Defendants. | ) | Chief United States District Judge |

David Meyers, a Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, while housed at Red Onion State Prison ("Red Onion").[1] Meyers is a three-striker under 28 U.S.C. § 1915(g).[2] Accordingly, he cannot proceed with this action unless he prepays the filing fee or demonstrates that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Meyers did not prepay the filing fee and, thus, the court must determine whether he is under imminent danger of serious physical injury. The court referred the matter to United States Magistrate Judge Pamela Meade Sargent for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), concerning whether Meyers was under imminent danger of serious physical injury and, thus, should be allowed to proceed with this action without prepayment of the filing fee. Judge Sargent conducted an evidentiary hearing on December 27, 2018, and subsequently filed a report and recommendation finding that Meyers

---

[1] During the pendency of this action, Meyers was transferred to Wallens Ridge State Prison, where he currently remains housed.

[2] See Meyers v. Jones, 7:18cv414 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous and malicious); Meyers v. Clarke, 7:18cv460 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous and malicious); Meyers v. U.S. District Court, Big Stone Gap Division, 7:18cv472 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous); Meyers v. Northam, 7:18cv473 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous); Meyers v. U.S. District Court, Roanoke Division, 7:18cv474 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous); Meyers v. Clarke, No. 7:18cv435 (W.D. Va. Sept. 7, 2018) (dismissed with prejudice as frivolous); Meyers v. Bass, No. 2:95cv774 (E.D. Va. Aug. 15, 1995) (dismissed without prejudice as frivolous); Meyers v. U.S. District Court, Richmond Division, No. 2:07cv363 (E.D. Va. Nov. 1, 2007) (dismissed with prejudice for failing to state a claim).

was not under imminent danger of serious physical injury.[3] Thereafter, the court received a letter from Meyers' inmate witness, Vinnie Chand, claiming that he had given false testimony at the December 27, 2018 hearing. See ECF No. 47. Consequently, the court vacated the report and recommendation and recommitted the matter to Judge Sargent. See ECF No. 52. Judge Sargent held a second hearing on February 21-22, 2019, and subsequently filed a report, again finding that Meyers was not in imminent danger of serious physical injury and that his complaints must, therefore, be dismissed.[4] See ECF No. 109. Inmate Chand has again submitted letters to the court, stating that he gave false testimony again at the February 21-22, 2019 hearing. See ECF Nos. 126 and 139. In addition, Meyers has submitted objections to the report and recommendation. See ECF No. 111. For the reasons stated herein, the court will overrule Meyers' objections, adopt the report and recommendation, deny Meyers leave to proceed in forma pauperis, and dismiss this action.

I.

First, based on his conflicting statements at the evidentiary hearings and in his subsequent letters, the court finds Vinnie Chand's testimony to be not credible. However, Chand's testimony and submissions are not material to the court's determination of whether Meyers was under imminent danger of serious physical injury. At the second hearing, Chand testified that he witnessed other protective custody inmates threaten Meyers, that he did not witness any

---

[3] The court notes that Meyers filed an earlier action concerning his confinement at Red Onion on January 23, 2018. See Meyers v. U.S. Postal Service, Civil Action No. 7:18cv00029. In that case, Judge Sargent found that Meyers was in imminent danger of serious physical injury at Red Onion at the time he filed that complaint, related to his claim that Correctional Officers Swiney and Stallard were not protecting him from an excessive risk that fellow inmates Thomas and Runren would carry out their threats to rape and kill Meyers in his protective custody cell, given Meyers' inability to stand or walk. Meyers, Civil Action No. 7:18cv29, ECF No. 91. However, by the time Meyers filed his first complaint in this action on September 29, 2018, he had been moved to a segregation cell in the B4 housing unit where he had no direct contact with other inmates or correctional officers and, thus, the facts of that case are distinguishable from the facts of this action. Further, Stallard is not a defendant to this action.

[4] Judge Sargent's second hearing for this case was combined with a hearing in Civil Action No. 7:19cv00003, and her report and recommendation concerns both cases.

2

correctional officers drag Meyers from his wheelchair on July 19, 2018, and that he did not hear any Red Onion employees threaten Meyers. Chand testified about the grievance procedure at Red Onion and his own experiences with it. Chand also testified about his experience in and perceptions of the protective custody unit. Chand testified that he thinks that Meyers suffers mental illness. And, he testified that Meyers asked him to provide false information to the court, told Chand that he would share money with Chand if he won his case, and told Chand that he wanted to go to a lower security prison where he could smoke marijuana and obtain a cell phone. In his subsequent letters to the court, Chand claims that he lied to the court about Meyers' motives in pursuing this action and Meyers' requests for Chand to lie to the court. Regardless of which version, if any, of Chand's account is accurate, the information provided by Chand does not demonstrate, or help Meyers demonstrate, that Meyers was in imminent danger of serious physical injury at time he filed his complaint. Therefore, the court will not consider Chand's testimony and submissions in adjudicating this matter.[5]

## II.

In her report, Judge Sargent aptly grouped Meyers' numerous claims to assess whether he had demonstrated imminent danger of serious physical injury. The first group of claims are those which do not allege that the defendants' actions placed him in any imminent danger, including his claims that defendants "racketeered," embezzled, and/or stole money from Meyers' inmate account; that various court officials, including two district judges, a magistrate judge, and the clerk, failed to file various documents, did not allow him to "prosecute" various prison officials, or did not grant him the relief he requested; that defendants obstructed and tampered with his outgoing legal mail to the court by opening and reading it; that defendants filed "false"

---

[5] The court notes that even if it considered only Chand's testimony and submissions which are favorable to Meyers, they would not change the court's decision in this matter.

disciplinary charges against him to avoid civil liability; that a defendant over-charged him for legal mail postage; that a defendant refuses to pay him for work that he performed; that defendants had unnamed prison officials file false charges against him to "stack" fines on him for reporting their sexual abuses, assaults, and injuries committed against him; that a defendant refused to process his grievances; that unnamed prison officials altered or forged postal loans in his name; that defendants stole his personal property; and that unnamed prison officials failed to provide him with due process. As to these claims, Judge Sargent found that Meyers offered no danger posed by the defendants' alleged actions.

The second group of claims alleges that Meyers did not receive necessary medical or mental health treatment or equipment. As to these claims, Judge Sargent found that Meyers' evidence of any danger posed by these claims did not rise above the type of vague, speculative, or conclusory allegations that are insufficient to prove imminent danger of serious physical injury. She also found that Meyers' testimony regarding these claims was not credible.

The third group of claims involved Meyers' ongoing requests to be kept separate from other inmates who Meyers claims had threatened to assault or kill him. By the time he filed the complaints in this action, however, he had been removed from any ongoing threat posed by other protective custody inmates at Red Onion, as he was housed in a segregation cell in a different housing unit, where he had no direct contact with other inmates or correctional officers. Therefore, as to these claims, Judge Sargent found that Meyers was not in imminent danger of serious physical injury.

The fourth group of claims alleged that Meyers was the victim of assaults by various defendants or placed in danger on prior occasions by the actions of various defendants. These claims include that a defendant strangled and burned his face when he first arrived at Red Onion,

that a non-defendant officer assaulted him in his testicles on September 26, 2018, that unnamed prison officials caused him "serious injuries," that defendants have allowed Red Onion staff to commit retaliation against him to get him killed or seriously injured for filing PREA claims, that defendants made him wear a protective custody uniform in the segregation housing unit to identify him as an informant, and defendants broke his ribs and caused him head and shoulder injuries. As to these claims, Judge Sargent found Meyers' testimony to be not credible and that he submitted no other evidence that he had ever been subjected to assaults, threats, or acts of retaliation by Red Onion employees. Further, Judge Sargent states that even if Meyers' testimony was accepted as credible, he offered no evidence that any of the alleged prior incidents posed any imminent danger of serious physical injury to him at the time he filed his complaints.

The fifth group of claims revolved around various defendants' actions removing him from protective custody status, classifying him as a security level 5, and recommending that he be transferred to general population at Wallens Ridge State Prison ("Wallens Ridge").[6] As previously discussed, by the time he filed the complaints in this action, he had been removed from any ongoing threat posed by other protective custody inmates at Red Onion, as he was housed in a segregation cell in a different housing unit, where he had no direct contact with other inmates or correctional officers. Further, the report notes that Meyers testified that he had not left his cell for showers or recreation since August 2018. As to these claims, Judge Sargent found that Meyers was not in imminent danger of serious physical injury because, regardless of his security classification, Meyers was protected from all other inmates and Red Onion employees at the time he filed his complaints.

---

[6] The report references another group of claims related to his conditions of confinement at Wallens Ridge; however that claim is raised exclusively in Civil Action No. 7:19cv00003 and, thus, is not addressed in this order.

**III.**

Meyers' objections to the report and recommendation are vague, non-specific, repetitive of arguments already presented to the court, and/or contradicted by the record. The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must review de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1). "General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Techs., Inc., 742 F. Supp. 2d 827, 829 (W.D. Va. 2010) (citing Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008)); see also Thomas v. Arn, 474 U.S. 140, 154 (1985(3)) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed.").

Further, objections that only repeat arguments raised before the magistrate judge are considered general objections to the entirety of the report and recommendation. See Veney, 539 F. Supp. 2d at 845. As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505], 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates his previously raised arguments will not be given "the second bite at the apple [ ]he seeks." Id. Instead, his re-filed brief will be treated as a general objection, which has the same effect as a failure to object. Id.

In his objections, Meyers claims he "took back" 36 pages of evidence that Judge Sargent "falsely alleged were 28 pages she tried to steal." See ECF No. 111 at 2. This objection is both vague and directly contradicted by the record. Meyers does not state what the alleged "36 pages of evidence" is or what it showed. Meyers does not allege how this evidence might have affected the determination of whether he is in imminent danger and does not submit these pages with his objections. The court has no way to evaluate what the evidence shows or whether it is pertinent. Furthermore, the record shows that nine exhibits were marked, and then withdrawn by Meyers, not subject to attempted theft by Judge Sargent.

Meyers alleges that Judge Sargent conspired with others to prevent him from offering evidence and presenting a strong case. Meyers includes several allegations of specific misdeeds and sources of bias. Id. at 2-3. This objection fails as it does not address any specific portion of Judge Sargent's Report and Recommendation, but instead poses speculative, unfounded allegations of conspiracy and witness tampering.

Meyers claims that inmate A. Makdessi testified during the evidentiary hearing that defendants were "trying to get [Meyers] onto the BOSS ANAL SCAN machine," which

7

eventually led to injury. Id. at 3. This objection fails as it merely reiterates testimony already heard at the February 21-22, 2019 evidentiary hearing.

Meyers claims that Judge Sargent fabricated testimony in her report and recommendation. Id. This objection fails for vagueness. Meyers identifies no single item of evidence referred to in the report and recommendation that Judge Sargent "fabricated." The court has reviewed the transcript of the February 21-22, 2019 evidentiary hearing and finds Meyers' allegations to be baseless.

Meyers alleges that defendants improperly pressured certain witnesses not to testify, Judge Sargent improperly did not permit certain witnesses to testify, or that Judge Sargent did not issue subpoenas to secure the testimony of certain witnesses. Id. at 3-4. This objection fails for vagueness and for simply repeating arguments of the same type made in past motions and pleadings. Meyers fails to allege how any of the testimony he was allegedly improperly prevented from offering would affect the court's determination regarding whether he was in imminent danger at the time of the filing of his complaints. Again, the court has reviewed the transcript of the February 21-22, 2019 evidentiary hearing and finds Meyers's claims of improper procedure to be contradicted by the record.

Meyers alleges that Judge Sargent "denied the 17 items documents, documents [sic], records, and full video recordings of the incidents of inmate Jamar Thompson assaulting [Meyers]…and the defendants forcing [Meyers] to wear the yellow protective custody uniform . . . ." Id. at 4. This objection fails because it simply restates arguments that have already been presented. The report and recommendation discusses Thompson's alleged attack and Meyers's allegation that defendant Swiney forced him to wear the protective custody uniform. See, e.g., ECF No. 109, at 3, 8-12, 24. The report discusses Thompson's threats and concluded that these

threats did not place Meyers in imminent danger of serious physical harm at the time he filed his complaints because, at the time of filing, he was housed in a segregation cell without any direct contact with other inmates or correctional officers. Id. at 46.

The court notes that Meyers also attached two exhibits to his objections. The first is a Disciplinary Offense Report documenting a March 6, 2019 incident in which Meyers refused to return to general population. See ECF No.111-1. Meyers handwrote at the top of the report, "Note: This is proof U.S. Magistrate Pamela Sargent and the Defendants Trying to get me murdered by forcing me to go to General Population." Id. The second seems to be a statement from Meyers that he fears for his life and listing several alleged recent incidents with inmates and correctional officers. ECF 28-3. Both the disciplinary report and the statement are dated March 2019 and, thus, have no relevance to whether Meyers was in imminent danger when he filed his complaints in the pending matters. See Gorbey v. Felps, No. 7:16-CV-00551, 2017 U.S. Dist. LEXIS 48596, at *1, 2017 WL 1194719, at *1 (W.D. Va. Mar. 30, 2017) (". . . the question [is] whether Plaintiff was under imminent danger of serious physical injury at the time of filing the complaint . . . ." (emphasis added)).

## IV.

Having reviewed the report and recommendation, the objections thereto, the transcripts, and other pertinent portions of the record de novo in accordance with § 636(b)(1), the court agrees with the Judge Sargent's determination that Meyers was not under imminent danger of serious physical injury when he filed the complaints in this action.[7] Further, the court reiterates that Chand's testimony and submissions do not affect the court's conclusion. Accordingly, it is

---

[7] The court also notes that Meyers filed two interlocutory appeals in this case and the United States Court of Appeals for the Fourth Circuit denied him leave to proceed in forma pauperis, finding that Meyers had "not made a colorable showing that is in imminent danger of serious physical injury." See Meyers v. Kiser, No. 19-6229 (4th Cir. Mar. 5, 2019); Meyers v. Kiser, No. 19-6187 (4th Cir. Apr. 29, 2019).

9

hereby **ORDERED** that Meyers' objections are **OVERRULED**; the Magistrate Judge's report and recommendation (ECF No. 109) is **ADOPTED**; Meyers' request to proceed in forma pauperis is **DENIED**; all pending motions are **DENIED**; and this matter is **STRICKEN** from the active docket of the court.

The Clerk shall send a copy of this order to the parties.

**ENTER**: This 21st day of May, 2019.

/s/ Michael F. Urbanski
Chief United States District Judge